UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:24-cr- 150- MMH-LLL

18 U.S.C. § 1951

18 U.S.C. § 924(c)(1)(A)

TRESONDA BENEFIELD
NATHANIAL CARTER
JAKEITHIYAN DANIEL
JACKERI LEWIS

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy to Commit Hobbs Act Robbery)

At all times material to this Indictment:

1.      Dollar General Store 2614, located at 5855 Fort Caroline Road, Jacksonville, Florida, 32277, was an entity that operated in, and affected, interstate commerce.

2.      Dollar General Store 11826, located at 12375 Yellow Bluff Road, Jacksonville, Florida, 32226, was an entity that operated in, and affected, interstate commerce.

3.      Dollar General Store 13706, located at 13807 Main Street, Jacksonville, Florida, 32218, was an entity that operated in, and affected, interstate commerce.

4.      Dollar General Store 16683, located at 3801 Main Street North, Jacksonville, Florida, 32206, was an entity that operated in, and affected, interstate

commerce.

5.      Dollar General Store 2614, Dollar General Store 11826, Dollar General Store 13706, and Dollar General Store 16683 are referred to herein collectively as the "target locations."

6.      From on or about April 9, 2024, and continuing through on or about May 1, 2024, in the Middle District of Florida, and elsewhere, the defendants,

TRESONDA BENEFIELD,
NATHANIAL CARTER,
JAKEITHIYAN DANIEL, and
JAKERI LEWIS

did knowingly conspire with each other, in any way and degree, to obstruct, delay, and affect commerce as the term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency of the target locations, from the person and in the presence of another, that is, employees of the target locations, against the employees' wills, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' person.

In violation of 18 U.S.C. § 1951.

## COUNT TWO
### (Hobbs Act Robbery)

1.      The allegations contained in Count One are realleged and incorporated by reference as if fully set forth herein.

2.      On or about April 9, 2024, in the Middle District of Florida, the

defendants,

TRESONDA BENEFIELD,
NATHANIAL CARTER, and
JAKERI LEWIS

aiding and abetting each other, did knowingly, in any way and degree, to obstruct,

delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the

movement of any article and commodity in such commerce, by robbery, as that term

is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and

obtaining personal property consisting of United States currency, from the person

and in the presence of another, that is, an employee of Dollar General Store 2614 of

Jacksonville, against the employee's will, by means of actual and threatened force,

violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. §§ 1951(a) and (b), and 2.

## COUNT THREE
**(Hobbs Act Robbery)**

1.      The allegations contained in Count One are realleged and incorporated

by reference as if fully set forth herein.

2.      On or about April 14, 2024, in the Middle District of Florida, the

defendants,

TRESONDA BENEFIELD,
NATHANIAL CARTER, and
JAKERI LEWIS,

aiding and abetting each other, did knowingly, in any way and degree, to obstruct,

delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the

movement of any article and commodity in such commerce, by robbery, as that term

is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and

obtaining personal property consisting of United States currency, from the person

and in the presence of another, that is, an employee of the Dollar General Store

11826 of Jacksonville, against the employee's will, by means of actual and threatened

force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. §§ 1951(a) and (b), and 2.

## COUNT FOUR
### (Hobbs Act Robbery)

1.    The allegations contained in Count One are realleged and incorporated

by reference as if fully set forth herein.

2.    On or about April 21, 2024, in the Middle District of Florida, the

defendants,

> TRESONDA BENEFIELD,
> NATHANIAL CARTER,
> JAKEITHIYAN DANIEL, and
> JAKERI LEWIS

aiding and abetting each other, did knowingly, in any way and degree, to obstruct,

delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the

movement of any article and commodity in such commerce, by robbery, as that term

is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and

obtaining personal property consisting of United States currency, from the person

and in the presence of another, that is, an employee of Dollar General Store 13706 of

Jacksonville, against the employee's will, by means of actual and threatened force,

4

violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. §§ 1951(a) and (b), and 2.

## COUNT FIVE
### (Brandishing a Firearm in Furtherance of a Violent Crime)

On or about April 21, 2024, in the Middle District of Florida, the defendants,

TRESONDA BENEFIELD,
NATHANIAL CARTER,
JAKEITHIYAN DANIEL, and
JAKERI LEWIS

aiding and abetting each other, did knowingly use, carry, and brandish a firearm,

during and in relation to a crime of violence for which the defendants may be

prosecuted in a Court of the United States, specifically, robbery affecting commerce,

as alleged in Count Four above; Count Four being incorporated by reference.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

## COUNT SIX
### (Hobbs Act Robbery)

1.      The allegations contained in Count One are realleged and incorporated

by reference as if fully set forth herein.

2.      On or about May 1, 2024, in the Middle District of Florida, the

defendants,

TRESONDA BENEFIELD,
NATHANIAL CARTER,
JAKEITHIYAN DANIEL, and
JAKERI LEWIS

aiding and abetting each other, did knowingly, in any way and degree, to obstruct,

delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the

movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency, from the person and in the presence of another, that is, an employee of Dollar General Store 16683 of Jacksonville, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. §§ 1951(a) and (b), and 2.

## COUNT SEVEN
**(Brandishing a Firearm in Furtherance of a Violent Crime)**

On or about May 1, 2024, in the Middle District of Florida, the defendants,

TRESONDA BENEFIELD,
NATHANIAL CARTER,
JAKEITHIYAN DANIEL, and
JAKERI LEWIS

aiding and abetting each other, did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence for which the defendants may be prosecuted in a Court of the United States, specifically, robbery affecting commerce, as alleged in Count Six above; Count Six being incorporated by reference.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

## FORFEITURE

1.      The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2.     Upon conviction for conspiracy, or a substantive offense, in violation of 18 U.S.C. § 1951, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy and/or violation.

3.     Upon conviction of a violation of 18 U.S.C. 924(c), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4.     The property to be forfeited includes, but is not limited to, the following, all of which was seized from a white Dodge Charger on or about May 1, 2024:

        a.     Approximately $3,546 in U.S. currency;

        b.     a Taurus 9mm pistol, with serial number ADG457618;

        c.     a Jimenez Ams 9mm pistol, with serial number 194274;

        d.     an AR pistol with no serial number; and

        e.     all associated ammunition.

5.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third person;

        c.     has been placed beyond the jurisdiction of the Court;

        d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be

subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By:   _____
      John Cannizzaro
      Assistant United States Attorney

By:   _____
      Frank M. Talbot
      Assistant United States Attorney
      Chief, Jacksonville Division

No.

=====

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

=====

## THE UNITED STATES OF AMERICA

vs.

### TRESONDA BENEFIELD
### NATHANIAL CARTER
### JAKEITHIYAN DANIEL
### JACKERI LEWIS

=====

## INDICTMENT

Violations:  18 U.S.C. § 1951
18 U.S.C. § 924(c)(1)(A)(ii)

=====

A true bill,

███████████████

✓ Foreperson

=====

Filed in open court this ___18th___ day

of July, 2024.

_Jean S. Perotti_
_____
Clerk

=====

Bail  $_____